IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF CARTER P. & ISABEL P.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF CARTER P. AND ISABEL P., CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

TODD H. AND KELLI H., APPELLANTS.

Filed November 14, 2017.    No. A-17-050.

Appeal from the Separate Juvenile Court of Douglas County: ELIZABETH CRNKOVICH, Judge. Affirmed.

Jeff T. Courtney, P.C., L.L.O., and, on brief, Brian J. Muench for appellants.

No appearance for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Todd H. and Kelli H. appeal from an order of the separate juvenile court of Douglas County denying their motion for leave to intervene in the juvenile proceedings for Carter P. and Isabel P. For the reasons that follow, we affirm.

BACKGROUND

This action arises out of a juvenile proceeding involving Carter P., born in 2009, and Isabel P., born in 2005. The State filed a petition alleging that the children came within the meaning of Neb. Rev. Stat. § 43-247(3)(a) in April 2014. On the same day, the State also filed an ex parte

motion for temporary custody of the children. In the petition, the State alleged that the children's mother was deceased and their father had engaged in domestic violence with their mother in the children's presence and that he had failed to provide the children with proper parental care, support, and/or supervision. The juvenile court granted custody of the children to the Nebraska Department of Health and Human Services (DHHS), with the children to be placed in foster care. The children were subsequently placed with Todd and Kelli for foster placement. Kelli is related to the children's biological mother, although it is not clear from the record whether Kelli is the children's aunt or great-aunt. Both children and their biological mother had been living with Todd and Kelli at the time of the mother's death in April 2014.

The children's father subsequently relinquished his parental rights in April 2015. The children continued in their placement with Todd and Kelli with the permanency objective of adoption.

At a review hearing on July 13, 2016, following the receipt of unfavorable information regarding Todd and Kelli, the juvenile court ordered the removal of the children from their foster care placement and stated it that would not be proceeding with adoption. The children were subsequently moved to a new foster care placement.

Todd and Kelli filed a motion for leave to intervene in the juvenile case in October 2016. In their motion, they asserted that they stood in loco parentis to the children and therefore had a right to intervene as a matter of law. The juvenile court denied the motion to intervene, finding that they lacked the requisite standing. Todd and Kelli now appeal the denial of their motion.

ASSIGNMENTS OF ERROR

Todd and Kelli assign that the juvenile court erred in denying their motion for leave to intervene.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Enyce J. & Eternity M.*, 291 Neb. 965, 870 N.W.2d 413 (2015). Whether a party has the right to intervene is a question of law. *Id.* When reviewing questions of law, an appellate court resolves the questions independently of the conclusions reached by the trial court. *Id.*

ANALYSIS

Todd and Kelli argue that the juvenile court erred in denying their motion for leave to intervene. They claim that the record shows that they stood in loco parentis to the children for over two years and that their actions in regards to caring for the children as well as the bond they have formed with the children provide a sufficient basis to allow them to intervene in the underlying matter. We disagree.

The Nebraska Juvenile Code defines "parties" as the juvenile over which the juvenile court has jurisdiction under Neb. Rev. Stat. § 43-247 (Reissue 2016) and his or her parent, guardian, or custodian. *In re Interest of Destiny S.*, 263 Neb. 255, 639 N.W.2d 400 (2002), *disapproved in part, In re Interest of Enyce J. & Eternity M., supra*. While the juvenile code does not contain specific provisions governing the rights of other persons to intervene in juvenile proceedings, the rules for intervention in civil cases provide a guidepost in determining whether a person has the right to

intervene in such proceedings. *In re Interest of Enyce J. & Eternity M., supra*. As a prerequisite to intervention, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which the court may render in the action. *Id*. An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right. *Id*. An intervenor joins the proceedings as a party to defend his own rights or interests. *Id*.

Todd and Kelli claim they stood in loco parentis based upon the two years they spent as foster parents. However, the Nebraska Supreme Court has held that foster parents are not entitled to intervene as a matter of right. *Id*. See, also, *In re Interest of Destiny S., supra*. While foster parents do have a right to participate in review hearings under Neb. Rev. Stat. § 43-1314 (Reissue 2016), that ability to participate does not give them an interest sufficient to warrant intervention as a matter of right. *In re Interest of Destiny S., supra*. Nor is there an equitable right to intervene in juvenile proceedings. See *In re Interest of Enyce J. & Eternity M., supra.* Because Todd and Kelli's claim of loco parentis stems from their status as prior foster parents, we determine that they had no statutory right to intervene. As the Supreme Court observed in *In re Interest of Enyce J. & Eternity M.*, foster parents do not stand in loco parentis to their ward because they do not exercise the rights, duties, and liabilities of a lawful parent. DHHS' regulations limit a foster parent's role to something decidedly less than that of a lawful parent. *Id*. Additionally, we note that Todd and Kelli were no longer foster parents at the time that they filed their petition to intervene; rather, they were former foster parents. Because it is clear that foster parents do not have a right to intervene, it follows that former foster parents asserting loco parentis status based on their prior service as foster parents also do not possess such a right.

Todd and Kelli argue that this court's findings in *In re Interest of Sarah H.*, 21 Neb. App. 441, 838 N.W.2d 389 (2013), support finding that they have sufficient legal interest to intervene in the present case. We disagree.

A person standing in loco parentis to a child is one who has put himself or herself in the situation of a lawful parent by assuming the obligations incident to the parental relationship, without going through the formalities necessary to a legal adoption, and the rights, duties, and liabilities of such person are the same as those of a lawful parent. *In re Interest of Destiny S., supra*. The assumption of the relationship is a question of intention, which may be shown by the acts and declarations of the person alleged to stand in that relationship. *Id*.

In *In re Interest of Sarah H., supra*, we upheld the juvenile court's order allowing a party who was found to not be the child's biological father to intervene in the proceedings. While both that case and the case before us now involve a party's right to intervene, the facts in *In re Interest of Sarah H.* were substantially different than those here.

In *In re Interest of Sarah H., supra*, the party seeking to intervene had been married to the child's mother at the time of birth, was listed as the father on her birth certificate, was ordered to pay child support and was given parenting time following the dissolution of his marriage to the child's mother, and was held out to be the biological father until the child was 15 years old. *Id*. We found that he stood in loco parentis for the first 15 years of the child's life and that, "[o]n the narrow facts of this case," he possessed sufficient interest to be entitled to intervene. *Id*. at 454, 838 N.W.2d at 399.

Here, it is undisputed that neither Todd nor Kelli has ever been held out to be the biological parent of either child. Todd and Kelli assert that in *In re Interest of Sarah H.*, this court noted the amount of time that the individual had stood in loco parentis and they argue that they stood in loco parentis to the children here for more than two years. While the length of time for which a party has stood in loco parentis is a relevant consideration, it is not dispositive. Furthermore, Todd and Kelli were foster parents. Nebraska law is clear that foster parents do not have a right to intervene and therefore their status as such cannot be a basis for allowing intervention under a claim of loco parentis. Accordingly, we find no merit to this assignment of error.

## CONCLUSION

Based upon our review of the record, we affirm the juvenile court's denial of Todd and Kelli's motion for leave to intervene.

AFFIRMED.